**BARBISH, Plaintiff-Appellee, v. OHIO FINANCE COMPANY, Defendant-Appellant.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3371. Decided January 19, 1951.

Leo Waldman, Youngstown, for plaintiff-appellee.
Mendelssohn & Copperman, Youngstown, for defendant-appellant.

### OPINION

By PHILLIPS, PJ.

With plaintiff's consent, by signing his name thereto plaintiff's wife executed a "Bailment Lease" for $185.00 to Federal Furs, later known as Leavitt Furs, in New Castle, Pennsylvania, in payment of a fur coat. The balance due on that account allegedly was $40.00 when with other such leases and accounts it was sold, assigned and transferred to defendant on December 16, 1946, of all of which defendant contends plaintiff was notified, but which he denies. This amount plaintiff contends he was to continue to pay Federal Furs (later known as Leavitt Furs) and not defendant.

On October 21, 1947, defendant's agent and employee con-

tacted plaintiff for payment of such balance, who exhibited to him a receipt evidencing payment in full to Leavitt Furs of plaintiff's account with it. On that date plaintiff refused to pay defendant the amount allegedly due on such "Bailment Lease" for the reason that it had been "paid in full."

After notifying plaintiff that unless the amount due on such "Bailment Lease" was paid on a named date that legal action would be instituted to collect it, and after full consultation with counsel, who were employed by and devoted their time to the work and interests of defendant exclusively, it authorized its local counsel to commence legal action against plaintiff to enforce collection of the amount claimed due it.

On February 13, 1948, defendant secured a judgment for $40.00 against plaintiff and subsequently secured an order of attachment of his wages in the municipal court of Youngstown, which subsequently was released and dismissed.

Plaintiff sued defendant in the court of common pleas to recover damages from it for malicious prosecution and the jury returned a verdict for plaintiff for $1500.00, upon which the trial judge subsequently duly entered judgment, and from which defendant appealed to this court on questions of law.

By sixteen assigned grounds of error, some of which errors will be combined and disposed of as one error, defendant contends that "the court erred in overruling the demurrer of defendant-appellant made at the close of the opening statement of plaintiff-appellee; erred in excluding competent evidence offered by the defendant-appellant; erred in admitting incompetent evidence offered by the plaintiff and objected to by defendant-appellant; erred in overruling defendant's motion for a directed verdict made at the close of plaintiff's testimony; erred in refusing to give defendant's special charge No. 2 to the jury before argument of counsel pertaining to advice of counsel; erred in the general charge to the jury"; and "erred in overruling defendant's motion for a directed verdict made at the close of all the evidence." Defendant further urged "that the excessive damages awarded by the verdict of the jury and upon which judgment was rendered appears to have been given under the influence of passion and prejudice; that the verdict of the jury is contrary to law and is against the decided and manifest weight of the evidence, is the result of passion and prejudice against this defendant-appellant; that the judgment rendered upon the verdict of the jury is not sustained by sufficient evidence; that the judgment of the court rendered upon the verdict of the jury is contrary to law; that other errors of law occurred at the trial and excepted to by the party making the application; mis-

conduct on the part of counsel for plaintiff-appellee"; and "that the court erred in overruling the motion for judgment non-obstante veredicto and motion for new trial."

We are unable to determine from the oral argument or brief of counsel for defendant why they contend that the trial judge erred to defendant's prejudice in overruling its demurrer to plaintiff's opening statement, and we find none from reading the opening statement to which reference is made.

It is our opinion that the trial judge did not err to plaintiff's prejudice in his ruling on defendant's demurrer to the opening statement of plaintiff's counsel.

Now defendant contends that the trial judge erred to its prejudice in the exclusion of competent evidence offered by it on the question of notice to plaintiff of its purchase of her account from Leavitt Furs and the necessity of payment on her account thereafter being made to it; and in the admission of incompetent evidence offered by plaintiff as to his feelings, state of mind and humiliation suffered by him after his wages were attached; and of his wife concerning payment of such account in full by her. The volume of the evidence of which complaint is made is such that only general reference can be made to it and keep the length of this opinion within reasonable bounds. We have read the bill of exceptions and considered the error urged with reference to the admission of incompetent evidence offered by plaintiff and exclusion of competent evidence offered by defendant, and find that the trial judge did not err in the respects charged, nor as urged by defendant in making remarks prejudicial to defendant in ruling upon such evidence.

Defendant waived its right to rely on the claimed error that ■ the trial judge erred to its prejudice in overruling its motion for a verdict to be directed in its favor when it accepted the ruling of the court and proceeded with its defense and introduced evidence in its own behalf. **Halkias, Appellee, v. Wilkoff Co., Appellant, 141 Oh St 139.**

The trial judge refused to charge the jury in writing before argument the following proposition of law submitted to him by counsel for defendant:—

"Now, Ladies and Gentlemen of the Jury, one of the defenses to this action is that the defendant relied upon the advice of attorneys. The defendant claims that before the action was begun in obtaining judgment in the Municipal Court in the City of Youngstown, Ohio it consulted and was advised by attorneys, learned in the law, and was advised to institute these proceedings, or rather, the proceedings in the Municipal Court. Whether or not this is a good defense depends upon

the question as to whether or not the defendant did what the law in the case required of the defendant. If the defendant took the pains to inform itself of all the facts which by reasonable diligence could be obtained, and then submitted them truthfully to the attorneys and if the attorneys advised the defendant that it had ground for taking judgment against the plaintiff, and then if the defendant, taking the advice of the attorneys instituted the proceedings and carried it on afterwards in the honest belief that it had reasonable ground for carrying it on this relieves it from the imputation of malice, although the defendant failed in the said Municipal Court, and as a matter of fact the advice of the attorneys was erroneous. If the evidence satisfies you that it rebuts the charge of malice, that is, equalizes the evidence of the plaintiff as to malice, then it defeats the plaintiff's cause, and your verdict should be for the defendant."

In our opinion the trial judge stated a good reason for refusing to charge the jury in writing before argument the quoted request as it was submitted to him when he said:—

"The request deals with advice of counsel as a defense in a case of malicious prosecution and the request as submitted had only to do with advice of counsel as to the institution of the proceedings and said nothing whatever about the matter of the attachment of plaintiff's wages. The court is of the opinion that the whole basis of plaintiff's case is one for a wrongful attachment and that therefore any instruction as to advice of counsel should be concerning advice given on the subject of the wrongful attachment, not the mere institution of the proceedings."

The bill of exceptions discloses the following colloquy had between the trial judge and counsel for defendant:—

"Mr. Mendelssohn: I want the record to show counsel for the defendant suggested to insert the word 'attachment' in the proceedings, in the charge; the court refused counsel permission."

The trial judge refused to permit an amendment to such requested charge and refused to submit it in an amended form to the jury, and said:—

"Court: The record may show counsel for the defendant wanted to insert the word 'attachment' but the court said that would require rewriting the entire charge and he wouldn't accept any such procedure at this time. Exceptions granted."

The trial judge did not err to defendant's prejudice as charged in this assigned ground of error.

In his opening statement to the jury counsel for plaintiff said:—

"There was a hearing on the attachment down there before Judge Anzelloti and upon the hearing the case was dismissed as against the plaintiff, in other words, the ruling was that the case was taken out of court."

Defendant's counsel objected on the ground that plaintiff's counsel misstated a fact and in ruling on the objection the trial judge said "you are going to have an opportunity to state the facts."

In his argument to the jury counsel for plaintiff said:—

"The court below tried the case and decided it on what Mr. Copperman felt was one issue and that is the fact, and then the court dismissed the case against Mr. Barbish and found that there was no justifiable cause for holding him responsible for that $40 and thereby decided the issue of notice as against the Ohio Finance Company.

"* * * Ladies and gentlemen, one thing more, and that is that you have a right to give what the court will explain to you is exemplary damages or punitive damages, it is for one purpose, as the bringing of this lawsuit is in my mind and Mr. Barbish's mind, to make the Ohio Finance Company and others like the Ohio Finance Company cognizant of the fact that they can't take advantage of an individual, and as a punishment, as an example to that company and every other company in like position, that they had better take care when they interfere with the rights of human beings and citizens of this country, and that isn't something that I can measure or you can measure; you must consider the standing of this company, the size of it and give such damages then, and the judge will tell you that, in order to be a punishment and an example to them in their own financial and business position."

The trial judge overruled the objection of counsel for defendant and ordered plaintiff's counsel to proceed, but suggested that plaintiff's counsel bring "his argument to a conclusion." Thereupon plaintiff's counsel said:—

"All right, Your Honor. Now so far as the lower court is concerned there was one issue, the issue of notice, as stated by Mr. Copperman, and the court down there found against them on that issue of notice."

Again counsel for defendant objected and the trial judge said:—

"The court entered judgment for the defendant, the case was terminated in the plaintiff's favor here; the reasons the court decided that way are not given."

Counsel for defendant contends that the foregoing statements and arguments of plaintiff's counsel prevented it from having a fair and impartial trial. We do not think so.

In his general charge to the jury the trial judge said:—

"However, if you found it weighed even to a small extent in favor of his claim then he could be said to have established the affirmative by the greater weight of the evidence and to have sustained his burden of proof.

"* * * The word malice means an intent or purpose to do a wrongful act to the injury of another without reasonable excuse. I will repeat that: malice means the intent or purpose to do a wrongful act to the injury of another without reasonable excuse.

"* * * And sought that counsel's advice before bringing these court proceedings and included the attachment.

"* * * I told you in the matter of punitive damages it entirely lies with you whether you allow them or not, but if you do allow them you may take into consideration in awarding the amount the attorney fees of counsel in this case. In compensatory damages, that is the part of damages which compensate, you would only consider the cost by way of attorney fees to the plaintiff of resisting the proceedings in municipal court."

Defendant contends that in the quoted language of his general charge the trial judge erroneously charged the jury on the scintilla rule; repeated the definition of malice, thus emphasizing it to defendant's prejudice; used the word "court proceedings" erroneously; and erred in charging on compensatory and punitive damages and allowance of attorney fees.

We have read the general charge of the trial judge to the jury, and considering it in its entirety we conclude that the trial judge not only did not err to defendant's prejudice in any of the respects charged by it, but we believe his charge is based upon the evidence in the case we review.

In our opinion the verdict of the jury returned in this case was based upon sufficient evidence, is not against the manifest weight of the evidence, and is not "against the decided and manifest weight of the evidence," except as noted herein.

We find nothing in the evidence submitted to the jury in the case we review even tending to indicate that its verdict was the result of passion nor prejudice toward defendant; nor that "the excessive damages awarded by the verdict of the jury and upon which judgment was rendered appears to have been given under the influence of passion and prejudice," but we believe it was excessive.

Except insofar as the verdict of the jury is excessive the verdict of the jury is not contrary to law.

Appellant's counsel has failed to call our attention to "other errors of law occurred at the trial and excepted to by the party

making the application," as alleged as a ground of error, nor to comply in respect thereto with the provisions of Rule VII of this court that his briefs "shall contain a statement of the questions presented and a succinct statement of so much of the case, referring to the pages of the record, as is necessary to show how the questions arose, together with a statement of the authorities relied upon." Accordingly we will not pass upon this assigned ground of error.

The evidence in this case is not such that reasonable minds could reach but one conclusion on the issues presented in the case we review as to action of defendant based on advice of counsel, followed in good faith, and the truth or falsity of the facts given to counsel when seeking such advice; existence of probable cause; defendant's actual or legal malice toward plaintiff; the authority of plaintiff's wife to sign a contract authorizing defendant to take judgment against him by confession, nor any other issues in the case.

Questions were presented for the determination of the jury. Accordingly the trial judge did not err in overruling defendant's motions for a verdict to be directed in its favor made at the close of all the evidence and for judgment to be entered in its favor notwithstanding the verdict of the jury rendered against it.

The judgment of the court of common pleas is affirmed if plaintiff accepts a remittitur of all of the judgment entered in his favor in excess of $750.00, otherwise the judgment of the trial court is reversed and the cause is remanded for a new trial on the ground that the verdict of the jury and judgment entered thereon are excessive.

NICHOLS, J, GRIFFITH, J, concur in judgment.